UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| B.M., a minor by and through his guardian ad litem DAVID MONES,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY LIM, et al.,<br><br>Defendants.<br>_____/ | No. C 14-05257 LB<br><br>**ORDER GRANTING THE UNITED STATES'S MOTION TO DISMISS AND REMANDING THE ACTION TO SONOMA COUNTY SUPERIOR COURT**<br><br>[Re: ECF No. 8] |

**INTRODUCTION**

On May 30, 2013, Plaintiff filed a complaint for medical negligence in Sonoma County Superior Court against five Defendants: (1) Anthony Lim, M.D.; (2) Douglas Jimenez, M.D.; (3) Sutter Medical Center; (4) University of California, San Francisco; and (5) the Regents of the University of California. (Complaint, ECF No. 1 at 6-8.[1]) Plaintiff dismissed the University of California, San Francisco and the Regents of the University of California from this action while it was still in state court. (Plaintiff's 1/23/2015 Status Report, ECF No. 19 at 1.) On December 1, 2014, the United States, acting on Dr. Jimenez's behalf, removed the action to this court. (Notice of Removal, ECF No. 1.) It now asks the court to substitute it in place of Dr. Jimenez and to dismiss Plaintiff's claims against it. (Motion, ECF No. 8.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

suitable for determination without oral argument and vacates the March 5, 2015 hearing. Upon consideration of the papers submitted and the applicable legal authority, the court grants the United States's motion and remands he action to Sonoma County Superior Court.

## STATEMENT

On May 30, 2013, Plaintiff sued, among other Defendants, Dr. Jimenez in California state court for medical malpractice. (Complaint, ECF No. 1 at 6-8). On September 25, 2014, Plaintiff filed an administrative tort claim with the Department of Health and Human Services ("HHS") regarding the alleged incident. (Torres Decl., ¶ 4, ECF No. 9.) As of November 13, 2014, no final determination on that claim had been issued, and there is no indication that one has been issued since then. (*Id.*) On December 1, 2014, the United States Attorney for the Northern District of California, through the Chief of the Civil Division of her Office, certified that Dr. Jimenez was acting within the course and scope of his employment with reference to the matters alleged in the suit. Specifically, the Civil Chief certified as follows:

> I have reviewed the summons and complaint in the above-captioned action. On the basis of those documents and certain other information provided to me, pursuant to the provisions of 28 U.S. C. § 2679(d) and by virtue of the authority vested in me as set forth above, I hereby certify that pursuant to the Federal Tort Claims Act ("FTCA") and the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), Santa Rosa Community Health Centers, formerly known as Southwest Community Health Center, were deemed eligible for FTCA malpractice coverage and its employees were covered under the FTCA effective January 1, 2012, through December 31 , 2013. Further, Douglas Jimenez, M.D., is or was an employee of the health centers and was acting within the scope of his employment at all times material to such alleged incidents.

(Certification, ECF No. 2.) That same day, the United States removed the action to this court. (Notice of Removal, ECF No. 1.)

The United States now asks the court to substitute it in place of Dr. Jimenez and to dismiss Plaintiff's claims against it. (Motion, ECF No. 8.) Plaintiff did not file an opposition to the United States's motion. All live parties to the action have consented to the undersigned's jurisdiction. (Consent (United States), ECF No. 7; Consent (Plaintiff), ECF No. 17; Consent (Dr. Lim and Sutter Medical Center), ECF No. 23.)

**ANALYSIS**

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits defendants to move for dismissal of a complaint for lack of subject-matter jurisdiction. A plaintiff who seeks to invoke federal jurisdiction by filing a complaint in federal court bears the burden of establishing that jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). The plaintiff must therefore plead sufficient facts in the complaint to establish the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

A defendant may mount either a facial or a factual challenge to the court's jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n. 3 (9th Cir. 2014) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). When defendant mounts a facial attack, the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In contrast, when presented with a factual challenge to subject matter jurisdiction, the court may evaluate extrinsic evidence and resolve factual disputes when necessary. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). In a factual challenge, Plaintiff "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Harris v. Rand*, 682 F.3d 846, 850-51 (9th Cir. 2012)). Dismissal of a complaint without leave to amend should be granted only where the jurisdictional defect cannot be cured by amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**II. APPLICATION**

**A. The United States Is the Proper Defendant**

Under the Federal Employees Liability Reform and Tort Compensation Act, otherwise known as

1 the Westfall Act, a federal employee is immune from suit upon certification of the Attorney General
2 that the employee was acting within the scope of his employment. *See* 28 U.S.C. § 2679(d)(1). As
3 to the events alleged in Plaintiff's complaint, the United States Attorney, pursuant to 28 U.S.C. §
4 2679(d) and 28 C.F.R. § 15.3, has certified that Dr. Jimenez was acting within the course and scope
5 of his federal employment. (Certification, ECF No. 2.) Such a certification is "*prima facie* evidence
6 that a federal employee was acting in the scope of her employment at the time of the incident."
7 *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). Plaintiff bears the burden of disproving
8 the certification by a preponderance of the evidence. *Id.*; *Pauly v. U.S. Dep't of Agric.*, 348 F.3d
9 1143, 1150-51 (9th Cir. 2003).

10 Plaintiff did not file an opposition to the United States's motion, and thus has provided no
11 evidence, let alone a preponderance of evidence, to disprove the United States Attorney's
12 certification. Accordingly, the United States is the proper defendant, and Dr. Jimenez is dismissed
13 from this action.

14 **B. Plaintiff's Claim against the United States Must Be Dismissed**

15 The doctrine of sovereign immunity bars actions against the United States except where it clearly
16 and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of
17 such consent, as expressly set forth by Congress, define the court's subject matter jurisdiction to
18 entertain suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1940).
19 Absent a waiver, the sovereign immunity doctrine shields the federal government, its agencies, and
20 its federal employees acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475
21 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).

22 The FTCA, which is the exclusive remedy for torts against federal employees acting in the scope
23 of their employment, *see* 28 U.S.C. § 2679(b)(1), provides such a waiver. *See* 28 U.S.C. § 2675(a).
24 The FTCA permits civil actions against the United States where federal employees commit negligent
25 or wrongful acts or omissions within the scope of their employment such that the law of the forum
26 state would consider the act or omission a tort. *See* 28 U.S.C. § 1346(b)(1). Before filing suit, a
27 plaintiff must present his or her administrative claim to the appropriate agency within two years of
28 the incident, *see* 28 U.S.C. § 2401(b), and the agency must either "finally den[y]" his or her claim or

fail to arrive at a "final disposition of [his or her] claim within six months after it is filed," *see* 28 U.S.C. § 2675(a). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985). Where a plaintiff fails to satisfy the claim requirement, the district court cannot assert subject matter jurisdiction over the plaintiff's FTCA claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Burns*, 764 F.2d at 723. The plaintiff in an action seeking relief under the FTCA bears the burden of showing that he or she complied with the FTCA's administrative claim requirement. *See Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980).

Here, Plaintiff filed an administrative tort claim with HHS on September 25, 2014, HHS has not yet issued a final determination on the claim, and the six-month period for HHS to do so has not run out. Because Plaintiff has not complied with § 2675's claim requirement, the court lacks subject matter jurisdiction over the United States. The United States must be dismissed from this action.

**C. The Court Declines to Exercise Supplemental Jurisdiction over the Remaining Defendants to Plaintiff's State Law Claim**

With the United States no longer in this action, all that remains is Plaintiff's state law claim against Dr. Lim and Sutter Medical Center. While courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id*. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

Here, the United States removed the action on the basis of the court's jurisdiction over it. With the United States now out of the action, and with Plaintiff alleging only a state law claim, there is no

basis for the court's jurisdiction. And considerations of judicial economy, convenience, and fairness to the remaining parties also do not support the court exercising supplemental jurisdiction of Plaintiff's state law claim. Accordingly, the court declines to exercise supplemental jurisdiction over his state law claims and remands the action to Sonoma County Superior Court.

## CONCLUSION

Based on the foregoing, the court grants the United States's motion and dismisses Dr. Jimenez and the United States from this action. The court remands this action to Sonoma County Superior Court. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: February 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge